UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEN JONES,

       Plaintiff,                                       Case No: 1:10-cv-535

v                                                   HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

**OPINION AND ORDER**

       Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration to deny him Disability Insurance Benefits (DIB).  42 U.S.C. § 405(g).  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court affirm the decision of the Administrative Law Judge (ALJ) rendered on behalf of the Commissioner.  The matter is presently before the Court on Plaintiff's objection to the Report and Recommendation.  Defendant filed a response to the objection.  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of the portion of the Report and Recommendation to which Plaintiff objects.  The Court denies the objection and enters this Opinion and Order.

       Plaintiff presents one objection:  his argument that this Court should reject the Magistrate Judge's recommendation to affirm the ALJ because the ALJ erred in failing to find that he satisfies the requirements of § 12.05(C) (Mental Retardation) of the Listing of Impairments. Listing 12.05(C) provides:

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when ...
>
> (C) [The claimant has demonstrated] a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function[.]"

20 C.F.R. § 12.05.

The Magistrate Judge found that "[t]he record contains no evidence that Plaintiff experienced deficiencies in adaptive behavior or suffered from mental retardation prior to the age of 22 or at anytime thereafter" (R & R, Dkt 14 at 12). The Magistrate Judge pointed out that neither Plaintiff's health care providers nor any of the medical professionals who examined the record in this case concluded that Plaintiff satisfied the "diagnostic description" of mental retardation articulated in the introductory paragraph of § 12.05 or experienced deficiencies in adaptive functioning prior to attaining the age of 22 (*id.*). Moreover, the Magistrate Judge found the fact that Plaintiff has maintained employment throughout much of his adult life "inconsistent with the conclusion that he is mentally retarded" (*id.*). Conversely, the Magistrate Judge found that Plaintiff had identified no evidence in support of his position, other than Plaintiff pointing out that he had attended a segregated and allegedly inferior school, which the Magistrate Judge opined was not substantial evidence satisfying this listing.

In his objection, Plaintiff opines that this case presents "a great opportunity" for this Court to adopt a position, contrary to Sixth Circuit precedent, that "there is no need for a plaintiff to present evidence of mental limitations before age 22" (Objs., Dkt 15 at 3), an invitation that this Court, like the Magistrate Judge, declines. Plaintiff also argues that the Magistrate Judge failed to

consider that "there was no evidence of educational records that could be obtained due to Plaintiff's so-called education" (*id.* at 4). However, as Defendant points out (Resp., Dkt 16 at 3), Plaintiff did not proffer any evidence to substantiate his claim that his school records are unavailable. And, in any event, Plaintiff addresses neither the evidence of his long work history nor the opinions of his health care providers and medical professionals, evidence that the Magistrate Judge properly concluded supported the ALJ's determination that Plaintiff failed to find that he satisfies the requirements of § 12.05(C) (Mental Retardation) of the Listing of Impairments. Plaintiff's objection reveals no error by the Magistrate Judge requiring a disposition other than the affirmance recommended by the Magistrate Judge. Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 15) are DENIED, the Report and Recommendation of the Magistrate Judge (Dkt 14) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order.


Dated: September 19, 2011            /s/ Janet T. Neff
                                                     JANET T. NEFF
                                                     United States District Judge